UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER TO ADVANCE SECURITY IN AMERICA<br>1802 Vernon Street NW<br>PMB 2095<br>Washington, D.C. 20009,<br><br>   Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br>1849 C Street, NW, MS-7328,<br>Washington, DC 20240<br><br>   Defendant. | Civil Case No. 1:25-cv-4556 |

## COMPLAINT

1. Plaintiff Center to Advance Security in America ("CASA") brings this action against the U.S. Department of the Interior ("DOI") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff CASA is an unincorporated association dedicated to improving the safety and security of the American people. CASA educates and informs the American people about the

actions of their government and its officials that impact their safety; peace and security; democracy, civil rights, and civil liberties; and privacy.

5.  Defendant DOI is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  DOI has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6.  On July 7, 2024, CASA submitted a FOIA request to DOI seeking records from July 1, 2023, to the time the search was conducted, of:

   a. Communications to, from, or received by Charles F. "Chuck" Sams III, Frank Lands, Lena McDowall, Malcom McGeary, Susan Farinelli, Jenny Anzelmo-Sarles, Matthew Montano, Jim Wilson, Dana Trytten, Mike Caldwell, Jennifer Nersesian, Minka Sendich, and Daphne Yun containing the following phrases and/or words: "humanitarian crisis", "temporary shelter", "migrants", "Floyd Bennett Field", "Gateway National Recreation Area", "environmental assessment", "NEPA compliance", "tent-based structures", "24-hour law enforcement", "invasive species", "avoid wildlife", "leased areas", "impacts to wildlife", "nonnative plants", "special status species", "public campground improvements", and "outdoor education campus".

   b. Records possessed or created by Charles F. "Chuck" Sams III, Frank Lands, Lena McDowall, Malcom McGeary, Susan Farinelli, Jenny Anzelmo-Sarles, Matthew Montano, Jim Wilson, Dana Trytten, Mike Caldwell, Jennifer Nersesian, Minka Sendich, and Daphne Yun including records of meeting requests, virtual meeting invitations, call logs and any chats in the relevant virtual platforms (e.g., Microsoft

2

      Teams, Zoom, Webex, etc.), related to the planning, approval, and implementation of temporary migrant housing at Floyd Bennett Field.

c. Calendar entries from T Charles F. "Chuck" Sams III, Frank Lands, Lena McDowall, Malcom McGeary, Susan Farinelli, Jenny Anzelmo-Sarles, Matthew Montano, Jim Wilson, Dana Trytten, Mike Caldwell, Jennifer Nersesian, Minka Sendich, and Daphne Yun related to the planning, approval, and implementation of temporary migrant housing at Floyd Bennett Field.

d. Communications regarding the planning, approval, and implementation of temporary migrant housing at Floyd Bennett Field by and between one or more of the following people: Charles F. "Chuck" Sams III, Frank Lands, Lena McDowall, Malcom McGeary, Susan Farinelli, Jenny Anzelmo-Sarles, Matthew Montano, Jim Wilson, Dana Trytten, Mike Caldwell, Jennifer Nersesian, Minka Sendich, and Daphne Yun and any of the following email domains::

    i. Politico (@politico.com)

    ii. New York Times (@nytimes.com)

    iii. New York Post (@nypost.com)

    iv. Washington Post (@washingtonpost.com)

    v. NBC News (@nbcnews.com)

    vi. ABC News (@abcnews.com)

    vii. LA Times (@latimes.com)

    viii. CBS News (@cbsnews.com)

    ix. Fox News (@foxnews.com)

    x. Wall Street Journal (@wsj.com)

      xi. USA Today (@usatoday.com)

      xii. Fortune (@fortune.com)

      xiii. CNN (@cnn.com)

      xiv. Associated Press (@ap.com)

e. Communications exchanged between one or more of the following people: Charles F. "Chuck" Sams III, Frank Lands, Lena McDowall, Malcom McGeary, Susan Farinelli, Jenny Anzelmo-Sarles, Matthew Montano, Jim Wilson, Dana Trytten, Mike Caldwell, Jennifer Nersesian, Minka Sendich, and Daphne Yun and anyone identified as an employee, agent, consultant, or representative of one of the following organizations:

      i. New York City Government (@nyc.gov)

      ii. New York State government (@ny.gov)

      iii. U.S. Committee for Refugees and Immigrants (@refugees.org)

      iv. National Network for Immigrant and Refugee Rights (@nnirr.org)

      v. United We Dream (@unitedwedream.org)

      vi. Catholic Legal Immigration Network (@cliniclegal.org)

      vii. Voice of Refugees (@vorservices.org)

      viii. Lutheran Immigration and Refugee Service (@lirs.org)

      ix. New Sanctuary Coalition (@newsanctuarynyc.org)

      x. New York Immigration Coalition (@thenyic.org)

      xi. New York Lawyers for the Public Interest (@nylpi.org) (herein referred to as the "Request" and attached as Exhibit A).

7. On September 9, 2025, DOI confirmed receipt of the Request, assigned it control number DOI-NPS-2024-001243, and sought narrowed search terms to identify responsive records (Exhibit B).

8. From September 9, 2025, through December 15, 2025, DOI and CASA continued communications to agree upon search terms and exclude certain types of documents (Exhibit C).

9. The Request seeks documents in the public interest because it will provide increased transparency to understand DOI's decisions and communications between National Park Service leadership regarding the use of American taxpayer funded National Park Service property to house migrants.

10. As of the date of filing, CASA has not received any further communication regarding the records from the Request.

11. As the record above indicates, over 541 days have elapsed since the federal government received CASA's request, yet DOI still has not made a determination with respect to it. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). DOI has not produced responsive documents to CASA, has not communicated to CASA the scope of the documents it intends to produce or withhold—along with the reasons for any such withholding—and has not informed CASA of its ability to appeal any adverse portion of its determination.

12. Given these facts, DOI has not met its statutory obligations to provide the requested records for the request.

13. Through DOI's failure to make a determination within the time period required by law, CASA has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

14. CASA repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

15. CASA's request was a properly submitted request for records within the possession, custody, and control of DOI.

16. DOI is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

17. DOI is wrongfully withholding non-exempt agency records requested by CASA by failing to produce non-exempt records responsive to its request.

18. DOI's failure to provide all non-exempt responsive records violates FOIA.

19. Plaintiff CASA is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

Center to Advance Security in America respectfully requests this Court:

A) Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with the requirements of FOIA and any and all orders of this Court.

B) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to CASA's request and an index justifying the withholding of all or part of any responsive records withheld under claim of exemption.

C) Award CASA the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

D) Grant CASA other such relief as the Court deems just and proper.

Dated: December 31, 2025                    Respectfully submitted,

CENTER TO ADVANCE SECURITY
IN AMERICA

By Counsel:

*/s/ Karin Sweigart*

Karin Moore Sweigart
D.D.C. Bar ID: CA00145
DHILLON LAW GROUP, INC.
177 Post Street, Suite 700
San Francisco, CA 94108
Telephone: 415-433-1700
KSweigart@Dhillonlaw.com

*Counsel for the Plaintiff*